IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:22-CV-146-FL

| | |
|---|---|
| COREY BEY, Heir ex relatione Stallings-Bey, Corey, Lee non statutory, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| WILMINGTON POLICE DEPARTMENT, Acting Chief, policy enforcement agents, Et Alia, NEW HANOVER COUNTY DISTRICT COURT, JAN KENNEDY, Clerk of Court, LAUREN SHRADER, Courtroom Clerk, CHAD E. HOGSTON, Judge, DAVID JOYNER, Attorney, FELICIA CORSARO, Attorney, STATE OF NORTH CAROLINA, Attn.: Secretary of State, NEW HANOVER COUNTY, Attn.: Chris Courdriet, CITY OF WILMINGTON, WILFREDO CAMPOS, Acting Chief of Policy Enforcement Agents, HAYDEN ROSS, Acting Policy Enforcement Agent, ELIZABETH KISTLER, Acting Policy Enforcement Agent, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) ORDER<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court upon pro se plaintiff's motion for leave to proceed in forma pauperis (DE 4), and for review of plaintiff's complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 5). Plaintiff timely objected. (DE 6). In this posture, the issues raised are ripe for ruling.

1

Plaintiff, proceeding pro se, commenced this action by complaint filed May 1, 2023, however he did not pay the required filing fee. (DE 1). The clerk entered an order of deficiency May 18, 2023, directing plaintiff to file an application to proceed without prepayment of fees or pay the required filing fee and warning that failure to comply may result in dismissal for failure to prosecute. Plaintiff filed an application to proceed in forma pauperis, relying on an amended complaint, a financial statement affidavit, and proposed summons. (DE 4). The magistrate judge entered M&R, (DE 5), and plaintiff objected, relying on an affidavit by "All Moorish American Nationals Aboriginal Indigenous Divine Beings manifested in human flesh," a letter from the same to President Obama dated August 4, 2011, an apostolic letter from Pope Francis dated July 11, 2013, a letter from Anna Maria Wilhelmina Hanna Sophia Riezinger-von Reitzenstein von Lettow-Vorbeck to Joint Chiefs of Staff dated July 4, 2021, a statement from the Holy See Press Office dated March 3, 2023, a "Treaty of Peace and Friendship Between the United States of America and the Bey and Subjects of Tripoly of Barbary," an excerpt from "Citizenship of the United States, Expatriation, Etc.," and "The Zodiac Constitution." (DE 6).

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

2

Case 7:23-cv-00930-FL   Document 8   Filed 07/18/23   Page 2 of 3

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(a)(1), a plaintiff applying to proceed in forma pauperis must "submit[] an affidavit that includes a statement of all assets [he] possesses that [he] is unable to pay [filing] fees or give security therefor." Rather than including a statement of assets, plaintiff's in forma pauperis application simply states "Not a U.S. Citizen per 15 USC 4724, therefore I do [sic] qualify . . .", under each item for disclosure. (DE 4). Plaintiff's objection does not address his ability to pay a filing fee or his failure to comply with the court's order, instead asserting that his financial statement affidavit "supports [his] status/standing". (DE 6 at 3). The affidavit to which plaintiff refers does not contain the required disclosures, instead stating that plaintiff does "not have, or possess, any gold or silver coins" and asserting that "[a]ny filing fee is a direct violation of [his] 'Secured Constitutional / Treaty Rights.'" (DE 4-2 at 2). Plaintiff's possession of specie is immaterial in this action, and his second assertion is without merit.

Therefore, upon de novo review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no error. Based on the foregoing, the court ADOPTS the recommendation in the M&R. (DE 5). Plaintiff's complaint is DISMISSED for failure to prosecute and failure to follow the court's order. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 17th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge